**HABEAS CORPUS**

**UNITED STATES EASTERN**
**DISTRICT COURT**

**WILLIAM D. POWELL # 159159**

**VS.**

**WARDEN, ROBERT TANNER**

17-2123
SECT. H MAG. 4

**PETITIONER SEEKING A WRIT OF HABEAS CORPUS FOR IMPROPER/ PRO SE LITIGATION**

William Powell

William D. Powell # 159159
Elayn Hunt Correctional Center
P.O Box 174; Fox 2
ST. Gabriel, La 70776.

TENDERED FOR FILING
MAR 13 2017
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**LOUISIANA EASTERN DISTRICT**

**William D. Powell** **Docket No.**
**D.O.C. # 159159**

**VS.** **Magistrate:**

**Warden Robert Tanner**
**Elayn Hunt Correctional Center**

**PEITIONER UNDER 28 U.S.C. 2254 FOR WRIT OF HABEAS CORPUS BY PERSON IN STATE CUSTODY**

NOW INTO COURT, comes the petitioner William D. Powell, who respectfully requests this Honorable Court, grant his petition under 28 U.S.C. 2254 For a writ of Habeas Corpus. The following facts are submitted to wit:

## INTRODUCTION

On February 3, 2011, William D. Powell was convicted in the 22nd Judicial District Court of sexual battery after a one day jury trial. Petitioner was sentenced to 18 years at hard labor within the Department of Corrections.

Under the 6th Amendment of the United States Constitution , a defendant is guaranteed the right to assistance of counsel at each stage of the proceedings ,(see Montejo v. Louisiana, 566 U.S. 778, 786 (2009); (Quoting Unuited States v. Wade, 388 U.S. 218, 227-228 (1967). Courts have had no hesitation in declaring that the right to counsel's assistance is fundamental,(see, Gideon v. Wainwrite, 372 U.S.335, 83 S. Ct. 792, 9L Ed.2d 799 (1963); And Article 1. Sec. 13 of the Louisiana Constituion guarantees a redress with a complete record.

## PROCEDURAL HISTORY

Petitioner was convicted in the 22nd Judicial District Court, Parish of Washington by Honorable Judge, Scott Gardner.
Petitioner was trialed and convicted on Feburary 3, 2011. Sentenced handed down on April 4, 2011.
Petitioner was sentenced to 18 years at hard labor for attempt sexual battery.
A not guilty plea was entered at arraingment.
Petitioner opted for jury trial.
Attorney's name and address: James Tally, 22nd District Public Defender's Office, Parish of Washington; P.O.Box Franklinton, La. 70438.
Petitioner did testify at the trial.
Attorney James Tally was the attorney at sentencing.
Petitioner did appeal the judgment of conviction.
Information regarding appeal: A ruling was handed down on March 10, 2014 by the Louisiana 1st Circuit Court of Appeal. The citation is, 15-KW-0584; 15-KW-1182.
Petitioner was represented on appeal to the 1st Circuit by Frederick Kroenke,who was an attorney for the Louisiana Appellate Project. His addressis, 707 Rapides St, Baton Rouge, La 70806
.Petitioner did not appeal to the Louisiana Supreme Court concerning the aformention appeal.
On March 10, 2014 petitioner filed supplimented post conviction relief which was alledge to have been denied on February 8, 2015 by the 22nd J.D.C., **However, in the July 13, 2015 ruling from the 1st Cir. Court of Appeals No. 15-KW-0584); Clearly state: " The records of the Washington Parish**

**Clerk's Office do not reflect a ruling on relator's" (March 10, 2014 initial post conviction relief Application). This is because 22nd District Court did not rule on that filing before ruling on the supplimented post conviction relief application,see First Cir. Court of Appeal No:2015-KW-0584)** , also the Clerk of Court for the 22nd District fail to forward the alledge ruling to Petitioner or his custodian. Subsequently, petitioner developed additional claims once the La. Disciplinary Board advised Attorney James Tally to turn over petitioner's complete case file. So petitioner filed a supplimental post conviction relief on November 12, 2014, due to petitioner not receiving an answer to his initial post conviction filing. Petitioner submitted a mandamus to the La. 1st Circuit Court of Appeal,(see 2015-KW-0584), in order to get the trial court to respond to his writs. Upon the Circuit court ordering the trial court to respond, petitioner became aware that his amend and supplement post conviction aledgely being denied on February 8, 2015. However, this alledge ruling was never received by petitioner or his custodian. Thereafter, petitioner filed a Motion to Reconsider the Mandamus,(see , 1st Cir. no.2015-KW-1182), to advise the court about this miscarriage of justice, it was denied on September 21, 2015. Petitioner filed to the La. Supreme Court under No. 16-KH-0518, which was denied on February 03, 2017.

Relator is suffering from a wrongful disposition of the law wherein the 22nd Judicial District Court and several Appellate Courts denying his application for post conviction relief, supplimented post conviction relief application, and his mandamus.

## <u>ISSUE PRESENTED FOR REVIEW</u>

**Did the trial court violate petitioner's fourteenth amendment right of the United States Constitution and right to a fair trial and post conviction relief application, by abusing it's discretion, in not properly finalizing all pre-trial motions of the petitioner before trial commence; For allowing unqualized witness testify as an expret ; Violating La. Code of Civ. Proceedure Ann. Art. 1151-1156; violations of La. Con. Art. 1, 19; And did petitioner receive ineffictive assistance of counsel in violation of his 6th Amendment Right of the United States Constitution and Violation of article 1 section 13 of the Louisiana Constitution of 1974 ?**

## SUMMARY OF ARGUMENT

In the instant case, petitioner filed several pre-trial motions upon the court months before his scheduled trial date. These motions were filed in order for petitioner to prepare a defense and assist counsel. Petitioner's motions were timely, therefore, he had a constitutional right to pre-trial hearings. However, the trial court did not follow the law by finalizing all pre-trial motions, which prejudice petitioner's trial. All pre-trial motions were ruled moot on February 4, 2011 one day after petitioner was found guilty by a jury trial. Petitioner's constitutional right of due process by equal protection of law was violated by the trial court. Petitioner was trialed without any constitutional oversight. If counsel had addressed the pre-trial motions there's a reasonable possibality that he could have quashed the indictment, suppressed the alledge confession, or discovered information to impeach state withnesses. Petitioner never abandoned his pre-trial motions. Petitioner asked counsel to argue said motions. The trial court was aware of the motions according to documentation, But fail to finalize them before the trial.Petitioner has a constutional right to due process through equal protection of law. Counsel was ineffective assistant for not trying to finalize motions or objecting on record,to petitioner's due process right being violated. Also, Witness, JoBeth Rickels, was tendered to testify as a expert in Forensic Interviewing, but allowed her to testify as a Investigator even after the trial court avised Attorney James Talley that Ms.Rickels is a expert in mabe getting them to tell their story (See. Record pages 486, lines 26-30; page, 490, lines19-31; page, 494, lines18-26). The court also advised Assistant District Attorney, Jay Adair that it didn,t want opinions on the ultimate issues from the person who claims to be an expert questioner, ( See, Record pg. 491, line 1-17, line 1-15 ), next the court, advised Attorney, James Talley, that every detective is not a expert in being a detecive, ( See, Record pg. 493, line 4-7,) When Attorney, James Talley attempted to solicit testimony from Ms. Rickels,as a investigater, ( See, Record pg. 509, line 26-31, ) Assistant District Attorney, Jay Adair , objected ( See, Record pg. 509, line32, ) to this line of questioning due to this witness being unqualified to testify as an expert in investigations,(See, Record pg. 510 line 1-5 .) Attorney, James Talley, then advised the court that he was not asking her for an opinion, he was just wanted to know what she would have done as an investigator? ( See Record pg. 510 line 6-9 .) Clearly this acknowledgment by Attorney, James Talley, requires an opinion from Ms. Rickels by requesting her to answer as if she was the investigator. Ms. Rickels clearly stated on the record, that the investigateor cannot be present in the interview room , ( See, Record pg. 498, line 3-12, ) or conduct the interview, ( See, Record pg. 498, line 13- 16, ) and that she had no role whatsoever, or any input in what may be an investigation, ( See, Record pg. 500, line 22-26, ).Yet the trail court allowed this witness ( Ms. Rickels, ) to state her opinion, (See, Record pg. 510, line 11- 15 , ) Several times, ( See, Record pg. 510 line 16-25: 511, line 1-28. ) If the trial court had refused to allow Ms Rickels to mislead the jury through her unqualified opinion, which violated petioners right to a fair trail and prejudiced the jury, by testifying that as if an investigater. The trail court in the instant matter, allowed Ms. Rickels to give testimony as if she was the investigator, Knowing that her testimony would be accepted by the jury as if she was a investigator ; The trail court allowed this testimony, and Ms Rickels unqualfied expert opinion to be used in petitioners trail where he was convicted by this prejudice. Caused prejudicial harm to petitioners trail, where he was convicted by prejudice. This prejudice alone not only convicted the petitioner but the prejudice caused the

petitionerss trail to be prejudice where the the jury was not informed of the opinionated testimony of

the expert and the trail court did not admonish the witness or jury as to this prejudice, which allowed the trail court to abuse its disceretion. ( See, State V. Savoy, 64 so 3d 457 ( La. App. 2011.)
It is well established that La. C.Cr. P. Art. 1153 permits amendment dispite technical prescriptive bars where the original pleading give fair notice of the general fact situation out of which the amended claim arise.

La. Code Civ. Proc. Art.`1151-1156, relative to amended pleadings provides in part that a plantiff may amend his petition without leave of court at any time before the answer thereto is served. Plantiff did not receive any notice regarding his post conviction until after a mandamus was filed in order to get the state to respond. Elayn Hunt Correctional Center's prison sign in book indicates that petitioner nor his custodian never did receive the aledge ruling handed down by the District Court on February 8, 2015. Copies of the incomming legal mail reciepts from Lt. Col. Wanda Mathews from November 11, 2014- September 30, 2015 indicate no legal mail comming from the 22nd Judicial District for the petitioner, See attatched legal mail reciepts).

Accordingly, La. C. CR. P. 930.1. ,the statue provides: "A copy of the judgement granting or denying relief **shall** be furnished to the petitioner, the District Attorney, and the Custodian." This was never done. Legal incomming mail reciepts of Elayn Hunt Correctional Center indicate that a copy of the aledge ruling from the state court was never sent to petitioner or his Custodian, (see attached reciepts.)

Notice of petitioner not having complete trial transcript was cited in original post conviction; R. pg. 492 was missing and contained information unknown to petitioner on that page. On this page the Trial Judge reiterated that witness JoBeth Rickels testimony was only needed to validate that the procedure were followed concerning the admissibility of the CAC-tape to the jury, (See R. Page 492, Lines,1-15. ) Page, 492 was not in the discovery package. A relative, to petitioner Mrs. Viola Nottingham had to purchase ( Page 492 of the trail transcript ) The relative purchased page 492 , August 29 2014, Then it was mailed to the petitioner on September 3, 2014, Where the public Defenders Office, initially withheld page 492, from petitioner. Petitioner now filed the Amend \ Supplement Post Conviction, Application with a complete record .

## CONCLUSION

For the foregoing reasons, relator respectfully request that this Honorable Court, in the interest of justice, grant his mandamus, direct the District Court to rule on his supplimented post conviction relief on the merits of his amended / supplimented P.C.R. In accordance with La. Code of Cic. Proc. Ann. Art. 1151-1156, or order a evidentiary hearing pursuant to La. C. CR. P. Art. 930., and grant any and all other relief petitioner may be entitled.

Respectfully Submitted,
William Powell

William D. Powell #159159
Elayn Hunt Correctional Center
Post Office Box 174
ST. Gabriel, Louisiana 70776

## CERTIFICATE OF SERVICE

I, William D. Powell, do hereby certify that I have mailed the attached and enclosed writ of Heabeas Corpus to the Clerk of Court for the United States District Court, Eastern District of Louisiana, and all oposing parties by placing of the same in the United States mail, properly addressed, postage pre-paid, on this 7 ,day of March 2017.

Done and signed this 7 , day of March 2017.

Respectfully Submitted,
William Powell
William D. Powell # 159159
Elayn Hunt Correctional Center
Post office Box 174
ST. Gabriel, Louisiana 70776