## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM D. POWELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-2123** |
| **WARDEN TIM HOOPER** | **SECTION "H"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.   Factual and Procedural Background

The petitioner, William D. Powell ("Powell"), is a convicted inmate incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.[2]  On October 18, 2010, Powell was charged by Bill of Information in Washington Parish with one count of sexual battery on a person under the age of thirteen.[3]

The record reflects that, during the summer of 2008, eight-year old T.T.[4] and her brother, D.T., were in the custody of their step-grandmother, C.T., and grandfather, P.T., while their

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 1 of 8, Bill of Information, 10/18/10.

[4]In accordance with La. Rev. Stat. Ann. § 46:1844(W), the Louisiana courts referred to the juvenile victim

mother, S.T., was incarcerated.  The two children spent a period of time residing with C.T., who was estranged from P.T., at a camp owned by Powell in Enon, Louisiana.[5]  S.T. eventually was released from jail in 2009 after successfully completing a drug court program.

On December 17, 2009, in an effort to reacquaint herself with her children, she visited with T.T. and D.T. and their half-sister, T.F., at their great-grandparents' house.  During a playful conversation with her half-siblings and mother, T.F. asked D.T. whether he had any girlfriends and whether he had ever kissed a girl.  D.T. responded no to both questions.  T.F. then asked T.T. whether she had a boyfriend and whether she had ever kissed a boy.  T.T. also responded negatively to both questions, but both S.T. and T.F. noticed a change in T.T.'s demeanor.  T.F. then asked T.T. whether anyone had ever hurt her or touched her.  T.T. responded that someone had, and she began to cry.  At that time, S.T. had D.T. and T.F. leave the room so that she could talk to T.T. alone.

T.T. told her mother that Powell had used his hand to touch her "private" area when she visited his camp at a time when C.T. was away at work.  In addition, T.T. drew a picture for her mother which indicated that Powell had forced her to touch his penis.  On the following day, S.T. took T.T. to the Washington Parish Sheriff's Office to report the abuse.

After taking the initial complaint, Detective Anthony Stubbs, of the Washington Parish Sheriff's Office, arranged for T.T. to be interviewed by forensic interviewer JoBeth Rickles, of the Children's Advocacy Center ("CAC") for St. Tammany and Washington Parishes.  During a videotaped interview on January 11, 2010, T.T. told Rickles that one day in the summer of 2008,

---

and her family by initials.  This Court will continue to do so in this Report.

[5]The facts were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal.  *State v. Powell*, No. 11-KA-1458, 2012 WL 1011865, at *1-2 (La. App. 1st Cir. Mar. 23, 2012); St. Rec. Vol. 2 of 8, 1st Cir. Opinion, 2011-KA-1458, pp. 2-4, 3/23/12.

she was at Powell's camp sitting in a recliner and watching television while her brother was outside chopping wood with a hatchet. T.T. indicated that Powell approached her from behind and placed his hand under her blanket and through the waistband of her shorts and underwear to touch the bare skin of her vagina. T.T. stated in the interview that after Powell touched her, she ran into a vacant bedroom and hid under a blanket. Powell followed her into the bedroom and unzipped his pants. When she heard him unzip his pants, T.T. pleaded from under the blanket for Powell to stop, and he complied. T.T. went back to the recliner to watch television, and Powell again approached her and touched her vaginal area, but this time he did so on top of T.T.'s clothing. T.T. also stated during the interview that another incident occurred outside of the camp where Powell made her touch his penis over his shorts. That incident occurred when T.T. went down from the camp to tell Powell that dinner was ready. She could not remember whether this incident occurred before or after the recliner incident.

After witnessing T.T.'s CAC interview, Detective Stubbs eventually questioned Powell, who was advised of his constitutional rights and signed a waiver of those rights. Although he denied any sexual misconduct, he admitted only to incidental contact with T.T.'s vagina while he picked her up out of the recliner. Powell was arrested on August 3, 2010.

Powell was tried before a jury on January 31 and February 1 and 2, 2011, and found guilty of the responsive verdict of attempted sexual battery of a person under the age of thirteen.[6] At a hearing held on April 4, 2011, the Trial Court denied Powell's motions for new trial and for post-verdict judgment of acquittal.[7] After waiver of legal delays, the Court also sentenced Powell to

---

[6]St. Rec. Vol. 1 of 8, Trial Minutes, 1/31/11; Trial Minutes, 2/1/11; Trial Minutes, 2/2/11; St. Rec. Vol. 4 of 8, Jury Verdict, 2/2/11; Trial Transcript, 1/31/11; St. Rec. Vol. 5 of 8, Trial Transcript (continued), 1/31/11; Trial Transcript, 2/1/11; St. Rec. Vol. 6 of 8, Trial Transcript (continued), 2/1/11; Trial Transcript, 2/2/11; St. Rec. Vol. 7 of 8, Trial Transcript (continued), 2/2/11.

[7]St. Rec. Vol. 1 of 8, Sentencing Minutes, 4/4/11; Motion for Post-Verdict Judgment of Acquittal, 2/14/11; Trial Court Order(2), 4/4/11; Motion for New Trial, 2/14/11; Trial Court Order, 4/4/11; St. Rec. Vol. 7 of 8, Sentencing

serve eighteen years in prison at hard labor.[8]  The court later denied Powell's motion to reconsider the sentence.[9]

On direct appeal to the Louisiana First Circuit Court of Appeal, Powell's appointed counsel asserted that the sentence was excessive.[10]  On March 23, 2012, the Louisiana First Circuit affirmed Powell's conviction and sentence finding no merit in the claim asserted.[11]

Powell's conviction and sentence became final thirty (30) days later, on Monday, April 23, 2012,[12] because he did not seek rehearing or review in the Louisiana Supreme Court.  *Butler v. Cain*, 533 F.3d 314 (5th Cir. 2008) (appeal is final when the state defendant does not timely proceed to the next available step in an appeal process) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)).[13]

On July 5, 2012, Powell signed and submitted an application for post-conviction relief in which he asserted that he received ineffective assistance of counsel when counsel failed to obtain the arrest and conviction records for the State's trial witnesses.[14]  Over three months later, the state trial judge wrote Powell advising him that his application had been received but would not be

---

Transcript, 4/4/11.

[8]St. Rec. Vol. 1 of 8, Sentencing Minutes, 4/4/11; St. Rec. Vol. 7 of 8, Sentencing Transcript, 4/4/11.

[9]St. Rec. Vol. 1 of 8, Motion to Reconsider Sentence, 4/11/11; Trial Court Order, 4/15/11.

[10]St. Rec. Vol. 4 of 8, Appeal Brief, 11-KA-1458, 9/6/11.  Powell was granted leave to file a *pro se* supplemental brief but he did not do so.  St. Rec. Vol. 4 of 8, Motion for Leave to File Supplemental Appeal Brief, 9/13/11; 1st Cir. Order, 2011-KA-1458, 9/22/11.

[11]*Powell*, 2012 WL 1011865, at *1; St. Rec. Vol. 2 of 8, 1st Cir. Opinion, 2011-KA-1458, 3/23/12.

[12]The last day fell on Sunday, April 22, 2012, leaving the final day of the period to fall on the next business day, Monday, April 23, 2012.  *See* La. Code Crim. P. art. 13; Fed. R. Civ. P. 6(a)(1)(C).

[13]Pursuant to La. S. Ct. R. X § 5, petitioner had 30 days from the issuance of the state appellate court's decision to mail or file a timely writ application in the Louisiana Supreme Court, which he did not do.

[14]St. Rec. Vol. 2 of 8, Application for Post-Conviction Relief, 7/18/12 (dated 7/5/12); *see also*, Memorandum, dated 7/9/12.

addressed until the Court received additional required information.[15]  Powell submitted a second completed application for post-conviction relief on November 12, 2012, in which he asserted the following grounds: (1) he received ineffective assistance of counsel when counsel failed to subpoena the doctor who examined the victim and failed to file discovery motions to obtain the medical report and witness arrest and conviction records; and (2) the evidence was insufficient.[16]

The Trial Court later acknowledged the filing of both applications and ordered the State to file a response to both, which the State did on January 10, 2013.[17]  On February 21, 2013, the state trial court denied Powell's applications finding no merit in the claims asserted in the two applications.[18]  Powell did not seek review of this ruling.

On March 25, 2013, Powell submitted a pleading seeking to amend his prior application for post-conviction relief to include additional exhibits for the Court to consider, despite the judgment previously issued.[19]  On April 15, 2013, Powell again wrote to the Trial Court seeking leave to file the copies and exhibits into the record for post-conviction review.[20]  By order dated June 26, 2013, the Trial Court instructed the clerk to file Powell's exhibits and denied any other relief to Powell in light of the previous judgment on the prior application for post-conviction relief.[21]  Powell did not seek further review of this order.

---

[15]St. Rec. Vol. 2 of 8, Letter to Powell, 10/16/12.

[16]St. Rec. Vol. 2 of 8, Application for Post-Conviction Relief, 12/5/12 (dated 11/12/12).

[17]St. Rec. Vol. 2 of 8, Trial Court Order, 1/4/13; Answer, 1/10/13.

[18]St. Rec. Vol. 2 of 8, Trial Court Order, 2/21/13.

[19]St. Rec. Vol. 2 of 8, Motion to Amend, 3/28/13 (dated 3/25/13).

[20]St. Rec. Vol. 2 of 8, Letter to Add Exhibits, 4/18/13 (dated 4/15/13); Exhibit Copies of Prior Application, 4/18/13.

[21]St. Rec. Vol. 2 of 8, Trial Court Order, 6/26/13.

However, in the meantime, Powell filed a writ application in the Louisiana First Circuit regarding a motion to suppress the evidence.[22]  The Court denied relief on June 4, 2013, finding that the issues had not been presented to the trial court, which left nothing for the appellate court to address.  Powell sought no further review of this ruling.

On March 2, 2014, Powell signed and submitted to the state trial court a third application for post-conviction relief in which he asserted the following grounds for relief[23]: (1) he was denied a fair trial when the trial court failed to resolve his *pro se* pretrial motions; (2) he received ineffective assistance of counsel when counsel failed to object to the trial court's failure to resolve the *pro se* pretrial motions before trial started; (3) he received ineffective assistance of counsel when counsel failed to investigate the case and interview witnesses; and (4) he received ineffective assistance of counsel when counsel failed to obtain the criminal history of S.T. and to object to a picture being presented into evidence.  By letter dated April 3, 2014, the Trial Court returned the application to Powell because it failed to meet the filing requirements, because the memorandum was not signed, the affidavit was not properly executed, and the required documentation was not attached.[24]

Eight months later, on November 7, 2014, Powell submitted a motion seeking to supplement his most recent post-conviction application, apparently referencing the one returned to him by the Trial Court.[25]  On February 3, 2015, however, the Trial Court declined to allow Powell to amend or supplement either of his first two applications which had been denied years

---

[22]St. Rec. Vol. 2 of 8, 1st Cir. Order, 2013KW0479, 6/4/13.

[23]St. Rec. Vol. 1 of 8, Application for Post-Conviction Relief, 3/11/14 (dated 3/3/14).

[24]St. Rec. Vol. 1 of 8, Letter to Powell, 4/3/14.

[25]St. Rec. Vol. 3 of 8, Motion to Amend/Supplement Post-Conviction Relief, 11/18/14 (dated 11/7/14).

before, and made no reference to the third application that was returned to Powell.[26]  The Court also instructed that, to the extent Powell intended to file a new (fourth) application for post-conviction relief, he had failed to provide the proper form or meet the procedural filing requirements.  Despite this, the Court reviewed Powell's arguments and further denied the motion to amend on the grounds that the claims asserted had no merit.

Two months later, on April 6, 2015, Powell submitted a writ application to the Louisiana First Circuit challenging the Trial Court's ruling on the motion to amend.[27]  On July 13, 2015, the Louisiana First Circuit found no error in the Trial Court's order denying the motion to amend. However, the Louisiana First Circuit ordered the state trial court to address and rule on the third application for post-conviction relief originally submitted on March 3, 2014.  This was the same application that had been returned to Powell on April 3, 2014, without having been filed.[28] Eventually, on February 3, 2017, the Louisiana Supreme Court denied Powell's related writ application in which he challenged the denial of the motion to amend.[29]

While that matter was pending, on July 21, 2015, the Trial Court denied relief on the claims raised in the March 3, 2014, (third) application finding no merit in the issues asserted.[30]  The Louisiana First Circuit denied Powell's related writ application without stated reasons on September 21, 2015.[31]  The Louisiana Supreme Court also denied Powell's subsequent writ

---

[26]St. Rec. Vol. 3 of 8, Trial Court Order, 2/3/15.

[27]St. Rec. Vol. 8 of 8, 1st Cir. Writ Application, 2015-KW-0584, 4/6/15 (dated 4/6/15).

[28]St. Rec. Vol. 8 of 8, 1st Cir. Order, 2015-KW-0584, 7/13/15.

[29]*State ex rel. Powell v. State*, 209 So.3d 695 (La. 2017);  St. Rec. Vol. 8 of 8, La. S. Ct. Order, 2015-KW-1992, 2/3/17; La. S. Ct. Writ Application, 15-KH-1992, 10/29/15 (dated 10/21/15).

[30]St. Rec. Vol. 3 of 8, Trial Court Order, 7/21/15.

[31]St. Rec. Vol. 8 of 8, 1st Cir. Order, 2015-KW-1448, 12/8/15; 1st Cir. Writ Application, 2015-KW-1448, 9/15/15 (dated 9/11/15).  Prior to that, the Louisiana First Circuit also denied Powell's request for a mandamus to compel the state trial court to comply with the Court's order to review his March 10, 2014 application.  St. Rec. Vol.

application finding that he abandoned his pretrial motions, citing La. Code Crim. P. art. 841, and finding no merit in his ineffective assistance of counsel claims, citing *Strickland v. Washington*, 466 U.S. 668 (1984) and La. Code Crim. P. art. 930.2.[32]

## II.    **Federal Habeas Petition**

On March 31, 2017, after correction of certain deficiencies, the clerk of this Court filed Powell's petition for federal habeas corpus relief in which asserted the following grounds for relief[33]: (1) the state trial court erred in failing to rule on petitioner's pretrial motions before trial; (2) the trial court erred in allowing an unqualified expert, JoBeth Rickles, to testify; and (3) petitioner received ineffective assistance of counsel when counsel failed to object to the trial court's failure to rule on the pretrial motions.  Since the filing of his federal petition, Powell has amended the petition to exclude the second claim, regarding the unqualified expert, conceding that he did not exhaust state court review of that issue.[34]  Powell also supplemented his arguments to now assert that his counsel was ineffective when he failed to file pretrial motions for discovery, to suppress evidence, and to suppress the identification.  He also contends that he did not have adequate review of his ineffective assistance of counsel claim because the state courts did not provide him with an evidentiary hearing.

---

8 of 8, 1st Cir. Order, 2015-KW-1182, 9/21/15; 1st Cir. Writ Application, 2015-KW-1182, 7/27/15 (dated 7/25/15).

[32]*State ex rel. Powell v. State*, 209 So.3d 694 (La. 2017); St. Rec. Vol. 8 of 8, La. S. Ct. Order, 2016-KH-0518, 2/3/17; La. S. Ct. Writ Application, 16-KH-518, 3/22/16 (dated 1/10/16).

[33]Rec. Doc. No. 3.

[34]Rec. Doc. No. 15.

The State filed a response in opposition to the petition urging that Powell's claim related to the expert was unexhausted, the petition was not timely filed, and the claims otherwise were without merit.[35]

## III.  **General Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[36] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on March 7, 2017.[37]  The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default."  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).  The State initially asserted that Powell's petition was not timely filed and his unqualified expert claim was not exhausted.  The unexhausted claim has been excluded by Powell through his amendment to his petition.  As for the timeliness of his petition, the State's defense must be rejected for the reasons that follow.

---

[35]Rec. Doc. No. 12.

[36]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[37]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of this Court docketed Powell's petition on March 13, 2017, and eventually the case was opened on April 7, 2017, when the filing fee was received after denial of pauper status.  Powell dated his signature on the original form petition on March 7, 2017, which is the earliest date appearing in the record on which he could have presented the pleadings to prison officials for mailing to a federal court.  The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. See *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if the filing fee is not paid at time of mailing) (citing *Spotville*, 149 F.3d at 376).

A.    <u>State's Limitations Defense</u>

The AEDPA requires a petitioner to bring his § 2254 petition in most cases within one year of the date his conviction became final.  *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001).  The AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  The State contends that Powell's state application for post-conviction relief submitted on July 5, 2012, was not procedurally proper and could not have interrupted the AEDPA one-year filing period.  However, as is clear from the record, the Court advised Powell that his application filed that day would be considered as long as he provided the requested information, which he did in the December 5, 2012, amended application.  Furthermore, the state trial court recognized and resolved the claims in both applications in its June 4, 2013, order.  Because the State court clearly considered the July 5, 2012, application to have been filed, statutory tolling must be applied in Powell's favor.

In addition, the record reflects a similar conclusion can be reached regarding Powell's application for post-conviction relief submitted to the state trial court on March 2, 2014.  That application was actually returned to Powell by the state trial court on April 3, 2014, as procedurally improper.  However, the Louisiana First Circuit not only recognized its filing in the state trial court, but mandated that the Trial Court rule on the application.  In light of the actions by the state courts on this post-conviction application, even if statutory tolling was not triggered, this Court must recognize that the actions of the state courts led Powell to believe that he was proceeding properly through the courts and entitles Powell to equitable tolling.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005) (equitable tolling is warranted in situations where the petitioner was

actively misled or is prevented in some extraordinary way from asserting his rights); *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002). Considering the pendency of Powell's 2012 and 2014 post-conviction applications, along with Powell's other state post-conviction pleadings outlined in the procedural history of this case, his federal petition must be considered timely filed and the State's limitations defense must be rejected.

### B.    Procedural Default (Claim No. 1)

Nevertheless, considering the record, the Court finds that Powell's first claim, that the state trial court erred in proceeding to trial without resolving his *pro se* pretrial motions, is in procedural default and is barred from review in this Court. The record reflects that, in the last reasoned opinion on the issue, the Louisiana Supreme Court denied relief on this issue finding that Powell abandoned his pretrial motions when he proceeded to trial without obtaining rulings, citing Louisiana's contemporaneous objection rule at La. Code Crim. P. art. 841.

The State did not consider this defense because it did not analyze this claim separately from the related ineffective assistance of counsel. In light of the Louisiana Supreme Court's ruling, the Court will consider the procedural bar imposed upon review of Powell's claim. The United States Fifth Circuit Court of Appeals has stressed that a federal habeas court must determine as a threshold matter whether procedural default has occurred on any asserted claim. *Nobles*, 127 F.3d at 420. This court has discretion to raise procedural default *sua sponte*, provided that the petitioner has notice that the issue is being considered. *Prieto v. Quarterman*, 456 F.3d 511, 518 (5th Cir. 2006); *Fisher v. Texas*, 169 F.3d 295, 301 (5th Cir. 1999); *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998). Accordingly, Powell is hereby specifically instructed that this report and recommendation is notice to him that this Court is *sua sponte* raising the issue of procedural default

and that Powell must submit any evidence or argument concerning the default as part of any objections he may file to this report. *Magouirk*, 144 F.3d at 358.

### 1.    Independent and Adequate State Ground

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is both independent of the merits of the federal claim and adequate to support that judgment. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997); *Amos v. Scott*, 61 F.3d 333, 338 & n.15 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)). The "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or post-conviction review. *Coleman*, 501 U.S. at 731-32; *Amos*, 61 F.3d at 338. This type of procedural default will bar federal court review of a federal claim raised in a habeas petition when the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902. Federal review is barred even if the state court alternatively address the merits. *See Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (citing *Harris*, 489 U.S. at 264 n.10).

A dismissal is independent of federal law when the last state court "clearly and expressly" indicated that its judgment rests on a state procedural grounds that bars review of the claim. *Amos*, 61 F.3d at 338. The state-law ground may be a substantive rule dispositive of the case or a procedural bar to adjudication of the claim on the merits. *See Wainwright v. Sykes*, 433 U.S. 72, 81-82, 90. The question of the adequacy of a state procedural bar is itself a federal question. *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (citing *Lee v. Kemna*, 534 U.S. 362, 375 (2002)). To be adequate, the state procedural rule must be strictly or regularly followed and evenhandedly applied

to the majority of similar cases. *Walker v. Martin*, 562 U.S. 307, 315-17 (2011); *Glover*, 128 F.3d at 902. A state procedural rule, however, "can be 'firmly established' and 'regularly followed,' - even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard*, 558 U.S. at 60 (citations omitted).

In evaluating the adequacy of the rules applied to bar a petitioner's claim, a federal habeas court does not sit to correct errors made by state courts in interpreting and applying state law. *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) and *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)) (citing *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996)); *accord Turner v. Johnson*, 46 F. Supp. 2d 655, 674 (S.D. Tex. 1999). Rather, a federal court's analysis focuses on due process considerations, and due process requires only that the Court grant the writ when the errors of the state court make the underlying proceeding fundamentally unfair. *See Neyland v. Blackburn*, 785 F.2d 1283, 1293 (5th Cir. 1986) (citing *McAffee v. Procunier*, 761 F.2d 1124, 1126 (5th Cir. 1985) and *Lane v. Jones*, 626 F.2d 1296 (5th Cir. 1980)). In keeping with this, a state procedural rule that is applied arbitrarily or in an unexpected manner may be considered inadequate to prevent federal review. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996); *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990).

> A federal court may not second-guess a state court's rule of procedure, but must evaluate whether the rule was actually applicable on the particular facts of the case. Otherwise, state courts could disregard federal rights with impunity simply by using the word "waived."

*United States ex rel. Bradley v. Clark*, No. 99-C-1785, 2002 WL 31133094, at *4 n.2 (N.D. Ill. July 18, 2002).

For this reason, when state courts apply a procedural bar that has no foundation in the record or basis in state law, federal courts need not honor that bar. *See e.g., Davis v. Johnson*, No. 00CV684-Y, 2001 WL 611164, at *4 & n.10 (N.D. Tex. May 30, 2001); *Johnson v. Lensing*, No.

99-0005, 1999 WL 562728, at *4 (E.D. La. Dec. 5, 2011); *Poree v. Cain*, No. 97-1546, 1999 WL 518843, at *4 (E.D. La. Jul. 20, 1999). However, it is not within the federal court's province to disagree with the application of the bar; it is only to determine its adequacy. *Lee v. Cain*, No. 03-2626, 2004 WL 2984274, at *1 n.2 (E.D. La. Dec. 6, 2004) (Vance, J.) (addressing art. 930.3 as applied to ineffective assistance of counsel claim). Thus, where such a foundation and basis does exist, as it does in this case, the bar must stand.

In this case, the Louisiana Supreme Court relied upon La. Code Crim. P. art. 841 to support its finding that Powell waived his pretrial motions when he failed to obtain a ruling before proceeding to trial. Under La. Code Crim. P. art. 841(A) "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." *See State (City of Ruston) v. Campos*, 224 So.3d 480, 489 (La. App. 2d Cir. 2017) ("Louisiana courts have held that when a defendant proceeds to trial without raising an issue which was the subject of a pending pretrial motion, he waives his right to have the motion heard or ruled upon.") (citing *State v. Cooper*, 55 So.3d 873 (La. App. 2d Cir. 2010); *State v. Fletcher*, 836 So.2d 557 (La. App. 5th Cir. 2002), *writ denied*, 855 So.2d 334 (La. 2003); *State v. Washington*, 727 So.2d 673 (La. App. 5th Cir. 1999).

The state court's ruling, therefore, was based on Louisiana law setting forth the procedural requirements for preservation and presentation of claims on post-conviction review. *See Fisher*, 169 F.3d at 300. It is well settled that this type of "contemporaneous objection" rule is an "independent and adequate" state procedural ground which bars federal habeas corpus review. *Wainwright*, 433 U.S. at 87-88. The ruling, therefore, was independent of federal law and based strictly on state procedural requirements. *See Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.

The failure to preserve a claim under La. Code Crim. P. art. 841 has also been repeatedly recognized as an adequate state ground which bars review by the federal courts in a habeas corpus proceeding. *See Toney v. Cain*, 24 F.3d 240, 1994 WL 243453, at *2 (5th Cir. May 20, 1994) (Table, Text in Westlaw); *Proctor v. Butler*, 831 F.2d 1251, 1253 (5th Cir. 1987); *Riggins v. Butler*, 705 F. Supp. 1205, 1208 (E.D. La. 1989); *Marshall v. Cain*, No. 04-219, 2006 WL 2414073, at *1 (E.D. La. Aug. 18, 2006) (Zainey, J.) (Order adopting Report and Recommendation); *accord Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir. 2002) (citing *Wainwright*, 433 U.S. at 87-88 (Louisiana's contemporaneous objection rule is an adequate state bar to federal review of a defaulted claims)). The procedural bar under La. Code Crim. P. art. 841 is adequate to bar federal habeas review of Powell's first claim challenging the Trial Court's failure to rule on his pretrial motions before trial commenced.

For the foregoing reasons, the bar imposed to review of Powell's first claim by the Louisiana Supreme Court is supported by the record and adequate to foreclose review by this federal court. Because the Louisiana court's decisions rested on independent and adequate state rules of procedural default, this court will not review Powell's first claim unless he has established one of the following exceptions.

### 2.     Cause and Prejudice

A federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover*, 128 F.3d at 902 (citing *Coleman*, 501 U.S. at 731-32); *Amos*, 61 F.3d at 338-39 (citing *Harris*, 489 U.S. at 262; *see Engle v. Isaac*, 456 U.S. 107, 128-29 & n.33 (1982))

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Id*. at 486. As will be discussed later in this report, to the extent Powell claims that his counsel was ineffective in failing to object to the trial court's proceeding to trial without ruling on the motions, he has not established his claim under either prong of *Strickland* and therefore has failed to present a substantial claim of ineffective assistance to overcome this procedural bar to his claim as addressed. *Martinez v. Ryan*, 566 U.S. 1 (2012). Petitioner has not asserted, and the Court's review of the record does not support a finding, that any factor external to the defense prevented him from raising the claim in a procedurally proper manner. The record also does not reflect any action or inaction on the part of the State which prevented him from doing so.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997). Powell's defaulted claim is therefore procedurally barred from review by this federal habeas corpus court. *See Trest v. Whitley*, 94 F.3d 1005, 1008 (5th Cir. 1996) (finding habeas review precluded when petitioner neglected to allege actual prejudice and cause of failure to comply with state procedural rule concerning time restriction on filing for state post-conviction relief), *vacated on other grounds*, 522 U.S. 87 (1998).[38]

---

[38]The Supreme Court vacated the Fifth Circuit's opinion on grounds that a court of appeals is not required to raise the procedural default argument *sua sponte* but may do so in its discretion. *Id*.

Having failed to show an objective cause for his default, the Court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice. *Ratcliff v. Estelle*, 597 F.2d 474, 477-78 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir. 1977)).

### 3.  <u>Fundamental Miscarriage of Justice</u>

Powell may avoid this procedural bar only when a fundamental miscarriage of justice will occur if the merits of his claims are not reviewed. *Hogue*, 131 F.3d at 497 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). To establish a fundamental miscarriage of justice, a petitioner must provide the court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *accord Murray*, 477 U.S. at 496; *Glover*, 128 F.3d at 902. To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. *Campos v. Johnson*, 958 F. Supp. 1180, 1195 (W.D. Tex. 1997) (footnote omitted); *Nobles*, 127 F.3d at 423 & n.33 (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."). When the petitioner has not adequately asserted his actual innocence, the procedural default cannot be excused under the "fundamental miscarriage of justice" exception. *Glover*, 128 F.3d at 903.

Powell does not present any claim and the record contains nothing to suggest or establish his actual innocence. His claims instead address alleged procedural and evidentiary errors and not his actual innocence. He fails to present any evidence or argument of the kind of actual innocence that would excuse the procedural default. He, therefore, has failed to overcome the procedural bar

to his claims, and his first claim, that the trial court erred in proceeding to trial without resolving his pretrial motions, should be dismissed with prejudice.

## IV.    <u>Standards of a Merits Review</u>

The AEDPA standard of review is governed by § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000).  It provides different standards for questions of fact, questions of law, and mixed questions of fact and law.

A state court's determinations of questions of fact are presumed correct and the Court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(2) (2006); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001).  The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.  28 U.S.C. § 2254(e)(1) (2006).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), as amended by the AEDPA.  The standard provides that deference be given to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court. *Hill*, 210 F.3d at 485.  The "critical point" in determining the Supreme Court rule to be applied "is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White v. Woodall*, __ U.S. __, 134 S. Ct. 1697, 1706-07 (2014) (citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).  "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not

'clearly established at the time of the state-court decision.'" *White*, 134 S. Ct. at 1706 (quoting

*Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004)).

A state court's decision can be "contrary to" federal law if: (1) the state court arrives at a

conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state

court decides a case differently than the Supreme Court has on a set of materially indistinguishable

facts. *Williams*, 529 U.S. at 405-06, 412-13; *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Hill*,

210 F.3d at 485. A state court's decision can involve an "unreasonable application" of federal law

if it correctly identifies the governing rule but then applies it unreasonably to the facts. *White*, 134

S. Ct. at 1706-07; *Williams*, 529 U.S. at 406-08, 413; *Penry*, 532 U.S. at 792.

The Supreme Court in *Williams* did not specifically define "unreasonable" in the context

of decisions involving unreasonable applications of federal law. *See Williams*, 529 U.S. at 410.

The Court, however, noted that an unreasonable application of federal law is different from an

incorrect application of federal law. *Id.* "'[A] federal habeas court may not issue the writ simply

because that court concludes in its independent judgment that the state-court decision applied [a

Supreme Court case] incorrectly.'" *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Woodford*

*v. Visciotti*, 537 U.S. 19, 24-25 (2002)) (brackets in original); *Bell v. Cone*, 535 U.S. 685, 699

(2002)).

Thus, under the "unreasonable application" determination, the Court need not determine

whether the state court's reasoning is sound, rather "the only question for a federal habeas court is

whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d

230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the

precedent to the facts of his case in an objectively unreasonable manner. *Price*, 538 U.S. at 641

(quoting *Woodford*, 537 U.S. at 24-25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006).

In addition, review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits.  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## V.    Ineffective Assistance of Counsel (Claim No. 3 and Supplemental Claim)

Powell claims that he received ineffective assistance of counsel when his trial counsel failed to object to the trial court's failure to rule on the *pro se* pretrial motions and failed to file pretrial motions for discovery, to suppress evidence, and to suppress the identification.  Powell claims that his trial attorney was ineffective when he did not challenge the start of trial when the Trial Court had not resolved the *pro se* filed pretrial motions which may have altered the evidence allowed at trial and may have resulted in the dismissal of the charges against him.  Powell also asserts that his counsel was ineffective for failing to file motions to obtain additional discovery about the State's witnesses and evidence or move to suppress the evidence and the identification based on the inaccurate testimony of the State's witnesses.

Powell raised these arguments in his third application for post-conviction relief which was denied by the state courts under the *Strickland* standards.  In its reasoned opinion, the state trial court held that, assuming the Trial Court did not rule on any pretrial motions prior to trial, Powell failed to establish any prejudice to his right to discovery prior to trial.  The Court resolved that Powell's counsel did not err in failing to secure a ruling on the pretrial motions because of the open file discovery policies.  Furthermore, the Court held that Powell failed to establish that trial counsel should have filed other pretrial motions or was ineffective for not conducting additional discovery or investigation in light of counsel's extensive and well-informed questioning of the State's witnesses.  The Court also held that counsel's cross-examination choices and style assured that the conflicted testimony of certain witnesses and the criminal histories of the State's witnesses were adequately presented to the jury.  This holding was tacitly followed by the Louisiana First

Circuit's denial of relief without stated reasons. *See Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991). The Louisiana Supreme Court also relied on *Strickland* when it concluded that Powell failed to show that he received ineffective assistance as a result of counsel's failure to adopt and argue the *pro se* pretrial motions or as a result of counsel's trial strategy.

The issue of ineffective assistance of counsel is a mixed question of law and fact. *Clark v. Thaler*, 673 F.3d 410, 416 (5th Cir. 2012); *Woodfox v. Cain*, 772 F.2d 358, 369 (5th Cir. 2014). Thus, under the AEDPA, the question before this Court is whether the state courts' denial of relief was contrary to or an unreasonable application of United States Supreme Court precedent.

The Supreme Court's holding in *Strickland*, 466 U.S. at 668, relied upon by the state courts, is the appropriate standard for judging the performance of counsel. In *Strickland*, the Court established a two-part test for evaluating claims of ineffective assistance of counsel in which the petitioner must prove deficient performance and prejudice therefrom. *See Strickland*, 466 U.S. at 687. The petitioner has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Montoya v. Johnson*, 226 F.3d 399, 408 (5th Cir. 2000); *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1992). In deciding ineffective assistance claims, a court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. *Amos*, 61 F.3d at 348.

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct failed to meet the constitutional minimum guaranteed by the Sixth Amendment. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The analysis of counsel's performance must take into account the reasonableness of counsel's actions under prevailing professional norms and in light of all of the circumstances. *See Strickland*,

466 U.S. at 689; *Carty v. Thaler*, 583 F.3d 244, 258 (5th Cir. 2009).  The reviewing court must "judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690).  Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *Harrington*, 562 U.S. at 104 (citing *Strickland*, 466 U.S. at 689).  "[I]t is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell*, 535 U.S. at 702 (citing *Strickland*, 466 U.S. at 689).  As a result, federal habeas courts presume that trial strategy is objectively reasonable unless clearly proven otherwise. *Strickland*, 466 U.S. at 689; *Johnson v. Dretke*, 394 F.3d 332, 337 (5th Cir. 2004) (counsel's "'conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.'") (quoting *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)); *Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008).

In order to prove prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Williams v. Thaler*, 602 F.3d 291, 310 (5th Cir. 2010). Furthermore, "[t]he petitioner must 'affirmatively prove,' and not just allege, prejudice." *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 695).  In this context, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." *Pinholster*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at. 694).  This standard requires a "substantial," not just "conceivable," likelihood of a different result. *Harrington*, 562 U.S. at 112.  In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the]

trial." *Crockett v. McCotter*, 796 F.2d 787, 793 (5th Cir. 1986). Thus, conclusory allegations of ineffective assistance of counsel, with no showing of effect on the proceedings, do not raise a constitutional issue sufficient to support federal habeas relief. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).

On habeas review, the United States Supreme Court has clarified that, in applying *Strickland*, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington*, 562 U.S. at 105. The *Harrington* Court went on to recognize the high level of deference owed to a state court's findings under *Strickland* in light of AEDPA standards of review:

> The standards created by *Strickland* and §2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.*, at 105 (citations and quotation marks omitted).

Thus, scrutiny of counsel's performance under § 2254(d) therefore is "doubly deferential." *Pinholster*, 563 U.S. at 190 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009)). The federal courts must take a "highly deferential" look at counsel's performance under the *Strickland* standard through the "deferential lens of § 2254(d)." *Id.* (citing *Strickland*, 466 U.S. at 689, and quoting *Knowles*, 556 U.S. at 121 n.2).

Broadly construed, Powell claims that his counsel erred in allowing the state trial court to proceed to trial without resolving his *pro se* filed pretrial motions. He does not specify what motions he allegedly filed *pro se* or when. The record, however, reflects that, a number of months prior to his trial, Powell filed a writ application with the Louisiana First Circuit seeking an order

to compel the state trial court to rule on his pretrial motions for discovery and inspection, for speedy trial, and for a bond reduction.[39]  The appellate court denied the writ application on December 2, 2010, noting that the Trial Court's record did not contain the indicated motions.

The record provided to this Court likewise does not contain a motion for speedy trial filed by Powell.  The Trial Court was not required to rule on a motion not before it, and his counsel had no cause to seek such a ruling.  The record, however, reflects that on August 8, 2010, Powell submitted a *pro se* motion for bond reduction to the state trial court, and that motion was denied by the Trial Court on November 3, 2010.[40]  There was no further action required of the Trial Court or Powell's counsel.  With regard to these two pretrial *pro se* motions, Powell has failed to establish any deficient performance or prejudice under *Strickland*.

The record also contains a *pro se* "Motion of Discovery and Inspection" dated October 11, 2010, and filed stamped on October 25, 2010.[41]  In that motion, Powell generally requested that he be allowed access to *Brady* information and exculpatory materials related to his charges.  The Trial Court's February 4, 2011, minute entry indicates the motion was moot.[42]  Nevertheless, as noted by the state courts, Powell has failed to establish any prejudice as a result of the alleged failure to garner a ruling on this motion prior to trial.

Specifically, as resolved by the state courts, Powell has not established that his counsel, once enrolled, was not able to obtain the necessary materials through the normal course of the open file discovery available to him.  Powell has not indicated that he was denied access to any specific

---

[39]St. Rec. Vol. 1 of 8, 1st Cir. Order, 2010-KW-1644, 12/3/10.

[40]St. Rec. Vol. 1 of 8, Motion for Bond Reduction (Partial Copy), dated 8/8/10; Minute Entry, 11/3/10.

[41]St. Rec. Vol. 1 of 8, Motion of Discovery and Inspection, 10/25/10 (dated 10/11/10).

[42]St. Rec. Vol. 1 of 8, Minute Entry, 2/4/11.

*Brady* or other exculpatory materials such that the failure of the Trial Court to rule on his motion before trial created some prejudice to his defense to which counsel should have responded. He also has not established any unreasonable performance by counsel in failing to assure that his motion was decided earlier, because the motion sought general information which the State already was required to provide. For these reasons, Powell has failed to establish a deficient performance by his counsel or any prejudice related to the Trial Court's failure to rule before trial on this *pro se* motion.

Similarly, as to Powell's claim that his counsel should have filed his own motions for discovery and to exclude unspecified evidence, he has failed to establish deficient performance or point to anything that would have changed the outcome of his case. As resolved by the state courts, Powell's counsel was provided with open file discovery by the State, which in turn would have allowed counsel to conduct discovery of all of the information mentioned by Powell without need for a separate motion.

In addition, Powell has not specified any evidence or identification information which was subject to suppression to have warranted a motion from his counsel. Powell's identity was never in question. The State also placed before the jury the criminal history of their witnesses, including the victim's family members, which left no need for the defense to have duplicated the effort. Powell's counsel utilized the testimony of the State's witnesses on cross-examination to challenge the veracity of the accusations against Powell. As resolved by the state courts, Powell's trial counsel must have conducted a thorough investigation in order to formulate and conduct the extensive and detailed cross-examination of the State's witnesses. Furthermore, when a petitioner alleges a failure of his counsel to investigate, he "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.'"

*Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998) (citation omitted).  In other words, a petitioner cannot show prejudice with respect to a claim that counsel failed to investigate without adducing what the investigation would have shown.  *Diaz v. Quarterman*, 239 F. App'x 886, 890 (5th Cir. 2007) (citing *Strickland*, 466 U.S. at 696, in recognizing that some evidence is required to show that "the decision reached would reasonably likely have been different.").  Instead, to prevail on such a claim, the petitioner must provide factual support as to what exculpatory evidence further investigation would have revealed.  *See Moawad*, 143 F.3d at 948; *see also Brown v. Dretke*, 419 F.3d 365, 375 (5th Cir. 2005); *Davis v. Cain*, No. 07-6389, 2008 WL 5191912, at *10 (E.D. La. Dec. 11, 2008) (order adopting Report and Recommendation).  Powell has failed to establish that any further investigation was needed or what that investigation would have uncovered that was not already presented to the jury at trial.

For these reasons, Powell has not established and the record demonstrates no specific error in his trial counsel's strategic presentation of the defense's case or the questioning of the State's witnesses.  The state courts' denial of relief on this issue was neither contrary to, nor an unreasonable application of, *Strickland*.  Powell is not entitled to relief on this issue.

**VI.    No State Evidentiary Hearing (Supplemental Claim)**

Broadly construed, Powell contends that he was denied adequate review of his ineffective assistance of counsel claim because the state courts did not provide him with an evidentiary hearing to develop the issue.  He also complains that he was denied the ability to amend his state court application for post-conviction relief.  Powell relies in part on the Supreme Court's holding in *Martinez* to suggest that because he did not have counsel during state post-conviction review, he is entitled to greater consideration of his ineffective assistance of counsel claim here.

The law is well settled, however, that "infirmities in state habeas proceedings do not constitute grounds for relief in federal court."  *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001).  The purpose of federal habeas review is to challenge the petitioner's conviction and detention itself, not to attack the state court post-conviction and collateral proceedings.  *Id*. at 320; *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *see Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 402-403 (2001) (there is no constitutional mandate that states provide post-conviction review) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)).  Thus, the state court's denial of an evidentiary hearing (to the extent Powell asked for one) and leave to amend is not cognizable on habeas review.

Furthermore, Powell's reliance on *Martinez* is misplaced.  In *Martinez*, 566 U.S. at 1, the United States Supreme Court held that a procedural bar imposed by a state court "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino v. Thaler*, 569 U.S. 413, __, 133 S. Ct. 1911, 1914 (2013) (quoting *Martinez*, 566 U.S. at 13).  Powell's ineffective assistance of counsel claims were not procedurally barred in the state courts.  Instead, his claims were addressed and relief was denied on the merits under *Strickland*.  "*Martinez* does not apply to claims that were fully adjudicated on the merits by the state habeas court because those claims are, by definition, not procedurally defaulted." *Escamilla v. Stephens*, 749 F.3d 380, 394 (5th Cir. 2014); *Villanueva v. Stephens*, 619 F. App'x 269, 276 (5th Cir. 2015); *see also Allen v. Stephens*, 619 F. App'x 280, 290 (5th Cir. 2015).  Thus, Powell has no constitutional claim arising out of the state court's denial of his ineffective assistance of counsel claim without an evidentiary hearing.  In addition, as shown above, Powell also has no

substantial claim of ineffective assistance of counsel that would invoke any relief under *Martinez* to have entitled to him to further review by this federal habeas court.

To the extent Powell may suggest that he is entitled to a federal evidentiary hearing, his claim also is without merit. As the Supreme Court has noted, the decision to hold an evidentiary hearing is governed by § 2254(e)(2), which restricts evidentiary hearings to those instances where the claim relies on a new rule of law retroactively applied on collateral review for which the predicate could not have been previously discovered with due diligence and where the facts would be sufficient to undermine a guilty verdict by clear and convincing evidence. *Pinholster*, 563 U.S. at 184-185. The Court further stated that where these requirements are not met, evidence presented for the first time on federal habeas review may not be considered to address the merits of the claims under § 2254(d)(1). *Id.* Thus, federal habeas review is generally limited only to the evidence and the record that was before the state courts that reviewed the claim at issue. *Id.*, 563 U.S. at 185; *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011); *Gallow v. Cooper*, 505 F. App'x 285, 295-96 (5th Cir. 2012); *Thomas v. Thaler*, 520 F. App'x 276, 282-83 (5th Cir. 2013). For this same reason, "once a claim is considered and denied on the merits by the state habeas court, *Martinez* is inapplicable, and may not function as an exception to *Pinholster*'s rule that bars a federal habeas court from considering evidence not presented to the state habeas court." *Escamilla*, 749 F.3d at 395 (citations omitted). For these reasons, Powell has failed to present a claim reviewable by this federal habeas court and he is not entitled to relief.[43]

---

[43]In its opposition, the State construed Powell's petition to include a claim challenging the denial of his ability to amend his state court post-conviction application. However, as quoted from Powell in the State's own discussion, Powell conceded that he eventually finally was able to present an "Amend\Supplement Post Conviction, Application with a complete record." (sic). Rec. Doc. No. 3-1, p. 6; Rec. Doc. No. 12, p. 23. Even if such a claim was raised by Powell, it is not cognizable before this Court, assuming leave to amend was denied by the state courts. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (federal habeas corpus relief does not lie for errors of state law); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) (federal courts do not review errors in state post-conviction proceedings); *Glenn v. Cain*, No. 13-6595, 2014 WL 5040713, at *10 (E.D. La. Sept. 30, 2014) (federal habeas relief cannot be granted to

## VII.    Recommendation

For the foregoing reasons, it is **RECOMMENDED** that William D. Powell's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[44]

New Orleans, Louisiana, this 5th day of December, 2017.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

remedy alleged post-conviction errors).

[44]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.